# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

D-1 TERRENCE EUGENE PARKER,

    Defendant.
_____/

CRIMINAL NO.
Case: 2:21−cr−20092
HON. Assigned To : Michelson, Laurie J.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 2/9/2021
Description: INFO USA v. PARKER (SO)

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

## COUNT ONE

*(21 U.S.C. §841(a)(1) – Possession With the Intent to Distribute a Controlled Substance)*

On or about May 10, 2018, in the Eastern District of Michigan, defendant Terrence Eugene Parker, did knowingly and intentionally possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, §841(b)(1)(B)(ii)(II), it is further alleged that this violation involved the following controlled substance: 500 grams or more of a mixture and substance containing a

detectable amount of cocaine, a Schedule II controlled substance.

## PRIOR CONVICTIONS

In accord with Title 21, United States Code, §§ 841 and 851, the United States Attorney also charges the following:

1. That the defendant TERRENCE EUGENE PARKER, has a prior serious drug felony as a result of his 2011 conviction for Possession with the Intent to Deliver a Controlled Substance, and:

    a. The defendant served a term of imprisonment of more than 12 months for that conviction;

    b. The defendant was released from service of any term of imprisonment on or about April 2017; and,

    c. The instant offense occurred on or about May 10, 2018.

## FORFEITURE ALLEGATIONS

*(21 U.S.C. § 853, and 28 U.S.C. § 2461)*

The allegations contained in this Information are incorporated by reference herein to allege forfeiture pursuant to the provisions of Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

**Title 21 Offense.** Upon conviction of a Title 21 Offense charged in this Information, the Defendant shall forfeit to the United States: (a) any property constituting, or derived from, any proceeds which the Defendant obtained, directly or indirectly, as the result of such violation, and (b) any property which the Defendant used or intended to be used in any manner or part to commit or to facilitate the commission of such violation, and/or any property involved in such violation, including but not limited to:

- **Two Thousand Seven Hundred Fifty Dollars in United States Currency**

**Substitute Assets.** Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), Defendant shall forfeit substitute property, up to the value of the property described above, if, by any act or omission of the defendant, the property described above cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with

a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.


SAIMA S. MOHSIN
Acting United States Attorney


s/*Julie A. Beck*
JULIE A. BECK
Chief, Drug Task force Unit

/s/ *John N. O'Brien II*
John N. O'Brien II
Assistant United States Attorney


Dated: February 9, 2021